All right, the last case we'll hear this morning is Martinez v. McHenry and Mr. Dusso. McHenry, what's his position? As opposed to the former Attorney General? Is he the Attorney General? He's not the Attorney General. He's the acting? Acting, correct.  Yes, I just got the documents. I know it's just a formality, but still. I was trying to figure where somebody was confirmed, but I think Bondy is nominated, right, Ms. Bondy? Attorney General? Yes. Yeah, yeah. Garland would be the normal. Yes, it was Garland up until yesterday, as per the first document. That's just in your relevancy. I just wanted, okay. All right, Mr. Dusso, go ahead. Good morning. May it please the court. My name is James Brusso, and I represent the petitioner, Mr. Martinez, in this matter. There are two key issues for this court to review. First, whether the board erred in denying Mr. Martinez's motion for remand for consideration of cancellation of removal. Second, whether Mr. Martinez established the requisite nexus to a family-based protected ground. I'd like to start with the motion to remand issue. In 1988, the Supreme Court explained very instructively that an applicant needs only show a prima facie case for relief when seeking reopening a remand. And you would think that a term such as a prima facie case, something we all learned our very first years of law school, would not be as equivocated and as subject to disagreement as it has been in this case and other cases that I have seen before. Well, wouldn't that be a precondition? But that doesn't mean that governs a discretion, does it? Your argument suggests that if there was a prima facie case, they have to reopen? Absolutely not, Your Honor. Okay. My position is that the statutory elements are satisfied, which is what ABDU states is necessary. And in this case, for cancellation of removal, it's those four elements in INA 240 AB1. Continuous physical presence, good moral character, exceptional, extremely unusual hardship to a qualifying relative. Those are the elements. After those are established, you need to show them you warrant additional fact-finding for that form of relief. It doesn't require that an immigration judge would definitely or absolutely grant or guarantee that a meritorious showing be made. And that is what the board is essentially saying in this case when it abuses – So what level of proof is required at that stage, if any? After these statutory elements are shown? Regarding the discretionary form? The discretionary prong is not something that must be demonstrated through a motion to remand because that is something that is an intensive fact inquiry that requires a balancing of that. But do there need to be facts alleged, at least, in the motion to remand that would satisfy the discretionary aspect of the test? No. No, Your Honor, because in this case, the crimes that are stated as failed to have been addressed, as the board states here, the respondent is unable to address those because he can't testify regarding the circumstances of those crimes. The matter of Mendez Morales says that taking responsibility for one's past transgressions is evidence of rehabilitation. And evidence of rehabilitation is a positive equity, which must be balanced against those adverse factors, but we can't – Well, he could have responded to the – I mean, it sounds like what the BIA was concerned about was the 2016 charge for being drunk in public, which your client, I think, paid a fine and accepted a plea. Is that what happened? Yes, Your Honor. And so that wasn't even addressed in the request to remand. But if it is not a good moral character bar under INA 101-F3 or a statutorily bar defense under 237-A2, which is, I believe, the third requirement for cancellation as I'm seeing the statute in my head. You got it. Those – I'm sorry. I lost my train of thought. I was asking about the being drunk in public charge. The BIA seemed to be stuck on the fact that he didn't address it. Yes. Well, if the climate issue is not going to bar him outright and it's not going to be something that is going to prohibit a good moral character finding for the 10 years of required continuous physical presence, then it is then – it then becomes a balancing test between the adverse factors and the equities, something that is inherently fact-intensive, which is reserved to the immigration judge. And that is stated in 8 CFR 1003.1D3. The BIA is constrained expressly from engaging in such a fact-intensive inquiry because the respondent is unable to demonstrate any of the equities or testify regarding the circumstances of the crime. And those are the factors that either would lead to an outright discretionary grant or not after the statutory elements have been established. The statutory elements once established need to show that further fact-finding is warranted, and the Supreme Court equated a motion to remand as, in the criminal sense, a motion for a new trial where fact-finding is not only warranted but necessary based on the issues that are still to be determined but at the appellate level for the board to not only make no finding with respect to the statutory elements but go beyond that and state that there was no showing that favorable discretion was warranted. They, in effect, have conflated the requirements for a prima facie case and then the ultimate question of whether relief is warranted. When you say a prima facie case, did the government answer your motion to remand before the BIA? They responded with their brief before the BIA. I apologize. I was not the counselor for the board. Did they respond? In their opposition to the… Remand. Yes. And what did they say? In their response?  That, well, I mean, I don't recall. Well, my whole point is you keep emphasizing this prima facie. Prima facie usually means it's sufficient without more. And if the other side answers, then you're thrown into a whole different category. Prima facie just gets you started on the motion. And since the government answered, now the question is the BIA has discretion to assess your position and their position on whether to remand. But they don't have discretion to make a finding that favorable discretion wouldn't be warranted based on the submissions in the motion to remand. Niz Chavez is what gave rise to this newly available form of relief. He established that he has a lawful permanent resident mother and he has a U.S. citizen child. He made a showing of the hardship that they would face should he be removed and that he is not barred statutorily due to the nature of his convictions and that he was a person of good moral character for ten years. I mean it's a continuing application, so he would have to show ten years up until the final decision. But beyond that, whether relief is ultimately warranted in an exercise of discretion, that's a regulatory requirement, not a statutory requirement. And for the board to conflate the two is – One has to forecast a little bit when exercising its discretion. In other words, the question is whether there's a futility aspect to it, a timing aspect, the use of agency resources. I mean if it's just going to be a slam dunk against you, why would they remand it? In other words, there is always a little bit of conflation. It's not going to be a slam dunk against either side, which is why additional fact timing is so necessary in this case. Of course it will be necessary if you've got to remand, but that gate is a highly discretionary gate. But it was the board's abuse of discretion, which we submit occurs here, which led to that erroneous denial of that motion to remand. Specifically, the board cites a regulation that is under the heading of 8 CFR that states determining removability in immigration court or in removal proceedings. That's what the title says. But that is not the procedural posture that we're at, and the board yet cites this regulation in support of its conclusion that – Well, that's my whole point. In other words, if they look at the removability statute and they see requirements that simply could not be met, if they see – hypothetically – What are those requirements? If they see stuff that could not be met, why wouldn't they exercise their discretion and not remand? They should state such. I mean, the matter of COILO says that you must submit a proposed application for relief in a motion to reopen. That is instructive on how to put forth a motion to remand. So what do they get to consider? If they can't consider futility and merits of your claim on removability, what do they consider? I'm sorry, I did not understand. What does a BIA consider in the motion to remand? You say they conflated the role of the IJ with their role. It considers whether statutory eligibility has been established for the newly available relief. Or likely to be established, or is it possible? In other words, what factors is the board entitled to consider on remand? Whether the relief has been prima facie made. Yeah, but prima facie just gets you in the front door. Now the prima facie allegations you make have been answered by the government. So now the analysis has to go further than just the prima facie case. And the board is not the actor to – On the motion to remand it is. You're talking about a prima facie case for remand, right? So the board does not have plenary discretion to refuse to remand a case for further fact-finding when a showing is made that newly available relief is viable. I mean imagine this in the adjustment of status context where you have somebody that was lawfully admitted, acquires an immediate relative. They show that they can adjust status and acquire lawful permanent residency through that relative plus their lawful admission. And yet you're just going to say that you haven't shown that you warrant favorable discretion even though we're not the body that makes those findings. Therefore, we're going to deny that motion to remand. There would be no further subsequent developments favorable to any respondent removal proceedings if that were the narrow view taken by the board. And in this instance, this reasoning cannot sustain itself when you look at what's backing it. I mean it is – moreover, Samathop and Mukasey, which was a fourth circuit case out of 08, explicitly made clear that the board may not weigh new or disputed facts de novo without a hearing. And where there is facts that would be dispositive one way or the other after statutory eligibility for newly available relief has been shown, then a new hearing is appropriate. And without an explanation beyond, you did not address this crime. What does that mean? I don't know. I mean at least with COILO and other factors in regards to after a decision has been made at the immigration court level, we know what is required in order to earn a remand or to apply for additional relief. But here, nothing but ambiguity and acting outside of the role of its appellate fact-finding function. Can I ask you a question about the procedural posture? Is this a motion to remand or is it a motion to reopen and does it matter? It's a good question. Motions to remand before the Board of Immigration Appeals are evaluated and construed as motions to reopen. So they have the same standards, so to speak, or at least they are evaluated in the same way. Although, of course, we are procedurally in different places when each is submitted. But for purposes of before the Board, a motion to remand is evaluated just like a motion to reopen. So it's the same standard of review for us? Yes, which is an abuse of discretion. And if we were to agree with you that there was an abuse of discretion, why wouldn't we find then that that error was harmless? Because his deportation is at stake. I understand, but he would still need to establish that exercise of discretion is warranted to grant his motion. And I see nothing, at least in his motion before the BIA, that even mentions anything about discretion. There's simply no mention of it. It's completely silent. Because the discretionary component is something that the immigration judge balances in the first instance. A matter of CDT, the board lays out all of the equities, all of the adverse factors, how to balance those, and how a discretionary determination is made with respect to cancellation of removal. If the guidance is for immigration judge to engage in this highly fact-intensive inquiry in the first instance, how is the board, which is expressly precluded from doing so, supposed to do so? Like, supposed to engage in that function, which I would submit is ultra-biasing in the first place. They are acting beyond the scope of the regulatory authority, and they're doing so with tenuous reasoning at best. Just briefly, if I can turn to the next question. The immigration judge and the board incorrectly concluded that Mr. Martinez's dispute with his persecutor was wholly personal. And this has been an issue I have raised before this court. I think I even submitted on the docket similarly situated cases. It was active at the time. But this court's decision in Velazquez v. Sessions has well exceeded the scope of what I would submit this court and even the panel in Velazquez would have ever intended because Velazquez involved a purely personal, intra-family custody dispute between an aunt and a mother over a child. This is a land dispute, which is not recognized expressly by this circuit, but is a protected ground – or I apologize, a mutable characteristic in and of itself, recognized some as a sufficient basis for a particular social group. And they essentially said, well, no, if there's any personal element whatsoever, we are going to wholly reject the cognizability of that nexus to a protected ground, even where there is sufficient evidence to show that this 12-year-old was threatened. And that is – and his relationship to his mother and his inheritance interest in that land is why he and not someone else was targeted. This court has robust and very instructive doctrine time and time again admonishing the board on refusing to consider mixed motives and interrelated, intertwined, to draw from a prior case we heard today, reasons. And as long as one of those is essential, the nexus can be found. And I would point to a Sixth Circuit case that states that if there is a nexus between the – it's B. Xiao-Q, B. Holder. If there is a nexus between the persecution and the membership in a particular social group, the simultaneous existence of a personal dispute does not eliminate that nexus. And I would ask this court to join the Sixth Circuit in rejecting this monolithic causation approach, which has then expanded its scope over the years since Velazquez's publication, and it's no longer about intrafamily or purely personal. It's looking for one personal modicum of circumstance as it pertains to that claim, and it's using it as a backdoor to reject it outright. And that is not what this court has instructed in all of its subsequent case law regarding mixed motives. So what evidence is in the record that you – your client presented regarding some nexus that would be sufficient evidence other than something that happened when he was 12 years old? His familial ties to his mother, the fact that they were – I mean that's the – I would actually point to Portillo Flores, which pointed out… I mean they found as a fact just to be – just to get down to the particulars that the threat to him is not based on his relationship to his mother but was based on his mother's dispute over ownership of a house. And I mean… The dispossessed house, which they had to reclaim. I understand, but that's what they found as fact. The often-repeated, quote, BIA error of this court in Perez-Vazquez, incorrectly focusing on why the persecutor targeted a petitioner's family, not why they targeted the petitioner himself. And even though this court only tacitly has endorsed the approaches of the First, Second, Seventh, and they favor – you guys quoted favorably the Ninth Circuit in evaluating persecution from a child's perspective in that moment. So if we don't have a death threat per se as it would be interpreted by an adult, how would a 12-year-old interpret this dispute as it was happening? That's the past persecution that is on account of his familial ties to his mother, which would trigger the rebuttable presumption of a well-founded fear of persecution. All of this is lost on the board and the immigration judge simply because they identify one personal element or one personal factor that this case rests on. And that is not what Velazquez sought to establish. It's well outside and exceeding in the scope of Velazquez's sessions. All right. You have a little bit of time left. I know. I see that my time has run. Mr. Coleman. Thank you. Thank you, Your Honors, and may it please the court. My name is Robert Coleman. I'm representing the Attorney General. I'll start with the issue of nexus. Here the board correctly relied on this court's decision in Velazquez v. Sessions, which held that a purely personal dispute, which is what we have here, simply is not a protected ground and cannot be the basis for a viable asylum claim. Here we have Martinez's testimony himself that the person that he fears in Honduras was motivated solely by a personal dispute. Here it was a property dispute with Martinez's mother. This dates back some 30-plus years ago, and we have scant evidence as to what the interactions were between this manned individual in Honduras and Martinez here. The board relied on that decision, which controls here, and therefore the court should affirm that particular issue. Turning to the issue of cancellation of removal, petitioner did request a remand on that basis, and it was denied under the prima facie evidence. It looks like, as to his argument, it does look like the BIA gets into, it's almost as if it's some type of mixed standard of review between the discretionary relief and the prima facie case. In my reading of it, there's no discussion of him paying taxes, being here 10 years, having a daughter here, having a mother that's ill. It seems like there's some mixing or some weird standard of review that the BIA used here on the removal as to the discretionary function. The issue here, though, is that petitioner provided no claim that he would even merit an exercise of discretion here in granting relief. It would have been premature to engage in any kind of weighing of any of the factors here because petitioner is attempting to make a prima facie case to show that he's eligible for this very rare form of relief, cancellation of removal. He didn't even say, I would merit this relief as an exercise of discretion. That's particularly noteworthy here because he has an extensive criminal history here. And cancellation of removal is- He has an extensive criminal history? What is the extensive criminal history exactly? Two DUIs. Which are outside the statutory- For a good moral character, but not for discretionary purposes. Also, this public intoxication offense from 2016. And he was also arrested for another matter, which I believe was dismissed. And do any of those fall into the moral- What is the standard good moral character consideration? I don't think any of those. There's no evidence that he was an habitual drunkard. There's no evidence that he- And I'm looking at the considerations and it doesn't seem like any of those, the two very old DUIs, the public drunkenness misdemeanor that he, I guess, entered a plea on. None of those are part of the considerations for good moral character, are they? Right, but good moral character is- Well, for one, good moral character could involve the 2016 offense. That would have fallen within the applicable time frame. And the board notes that the 2016 offense is not even acknowledged in the request for remand. But wouldn't that be for the IJ to consider? Wouldn't it have been more appropriate for the board to send it back to the IJ to consider the specifics and the facts as to the 2016 public drunkenness? It wouldn't be here because it's not even addressed. So there is no prima facie case here. And there are two different issues here, just to clarify. The good moral character is a different issue than the discretionary determination. The discretionary determination, anything can be considered. Not anything, I suppose, but more or less anything. So any of these crimes, despite them- Right, but what your colleague is saying, that's not for the BIA to determine the discretionary prong. That's for the IJ. Okay, so in terms of the aspects that are properly before the BIA, I'm looking at the prongs for good moral character, and I don't see any of them that would actually fit for the 2016 charge. Well, for one, the discretionary determination is something that needs to be addressed as a prima facie case. That's in an attempt to make a prima facie claim for it. That's matter of Chen. That's a board decision where an attempt, similar to here, to remand, to reopen for consideration of cancellation was denied. Matter of Chen isn't binding on us, is it? No, it's not, but this is a board procedure, and this was in front of the board, and the board was following its own procedures as set forth in matter of Chen. What's your understanding of the procedure? I questioned your colleague on this and pressed him a little bit, but it's not altogether clear. What he's required to do is to put forth a prima facie case before the board. I gather the prima facie case would be a prima facie case for the relief that the IJ would grant. Is that it? Correct, presumably, yes. Are there any other factors that he would have to allege to inform the BIA's discretion to remand? In other words, is the BIA's discretion informed entirely by the strength of the prima facie case, or is it informed by other matters? It can be informed by any matter. So it has discretion to simply deny, even if the prima facie evidence is put forward. So the denial here, any error, even if the court was to find one, would be moot here, because the board could have denied just as an exercise of its discretion, even if there was an assumption that prima facie evidence, prima facie case was made. The board said it was doing. It said it was denying because the petitioner had failed to meet a burden to establish a prima facie or to plead a prima facie case. It didn't say it was exercising discretion. Correct. I'm saying this would be a harmless error for that reason. And it didn't say in the alternative it could have, but it didn't. Correct. But it also did say under matter of Chen that he did not put forth any evidence to address, even in a prima facie matter, the issue of discretion. There's two issues of discretion. One is the board's discretion to deny a motion such as this, even if a prima facie case is made. And the second is in order to make out a prima facie case, you have to address whether you would merit the underlying relief as an exercise of discretion. And here petitioner didn't address either issue and didn't address these particular concerns that are naturally would be concerning in this case. Was there a time element being discussed? Sorry, Your Honor. Did the BIA discuss a time element, a timing? No, the board did not address that specifically, no. But here, again, this is a very rare form of relief. That's why the discretion is particularly important here. Only 4,000 cancellation removal claims can be granted per year. So this is a very extraordinary form of relief. And that's why someone with criminal history would need to address that in some way just to make a prima facie case. Here, having done that, not at all. It's critical. But that's not one of the factors in the statute. It doesn't say that. It simply says. It's a discretionary factor, so it can be considered under a discretionary. You know, and it's interesting, your reliance on Chen, because Chen relies on matter of LOG. And then matter of LOG says the opposite of Chen, which it says, in fact, in considering a motion to reopen, the board should not prejudge the merits of a case before the alien has an opportunity to prove the case. We're deciding only that there's a reasonable likelihood the statutory requirements for the relief sought have been satisfied. And there's a reasonable likelihood that relief will be granted in the exercise of discretion. And that's what LOG says. It doesn't say that at the remand stage. And I see that in Chen. But it's interesting, because Chen is relying on matter of LOG for a proposition that it actually doesn't stand for. Here, there's no way to have established a reasonable likelihood of success when the issue will come down to discretion, and discretion is not addressed whatsoever. Well, the board seems to think in matter of LOG that it's the IJ that needs to exercise that discretion. Perhaps that exercise of discretion would have been eventually given to the immigration judge here, had a prima facie case been made as to that point. But there was absolutely nothing addressed on that issue. So you're suggesting, again, just getting back to sort of looping back, you're saying that exercise of discretion is part of the prima facie case. Correct. Anything further? No, the court has no further questions. All right. Mr. Brasov. We ask that the court deny. Thank you. To begin, to emphasize the extraordinary form of relief that is cancellation of removal is a half-truth, because many people are granted their applications. They're just reserved. They're put in a queue, and when the number of 4,000 is available, you get your green card. There are 4,000 green cards issued a year. There are many more applications that are granted, but it is a grant that is held in abeyance until a number becomes available. Second, I just want to point to the fact that the INA explicitly lists discretion as a component for two forms of relief, a standalone waiver under 212H and a fraud waiver under 237A1H. No other form of relief requires discretion under the INA, and the statute, as the late Justice Scalia always reminds us, is where we start. And as somebody trained in a civilian jurisdiction, the code above all is the only primary source of law that matters, and here statutory eligibility is all that matters before we get into the additional fact-finding that is required. And thirdly, I'd like to point to the recent Supreme Court decision of Loper-Bright in that BIA decisions should not be afforded any deference whatsoever on judicial review, and that is the position that Loper-Bright stands for. Finally, I would ask the court to consider its decision in Hernando's Avalos and imagine for just one instant that in the mother's case of leveraging her authority over her son's actions to prevent him from joining a gang, what if she had also had a loan in arrears by the gang? Is that all of a sudden a personal dispute? And so now we're not going to give her asylum on account of her family membership over her son's actions, but because there was a loan that she took out on her own, and that's personal in nature, because that's exactly what the Sixth Circuit's case dealt with. It had a forced marriage, gender basis, and it had a loan that was in arrears. But the Sixth Circuit nevertheless found that a viable nexus to a family-based particular social group could be found, and I would ask the court to do the same. Thank you so much for your patience. Thank you, Mr. Briscoe. We'll adjourn court for the day and then come down and recount. This audible court stands adjourned until tomorrow morning. God save the United States and this honorable court. Thank you. Thank you.
judges: Paul V. Niemeyer, DeAndrea Gist Benjamin, Nicole G. Berner